THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YASHUA SHARRIEFF, ) | |
| ) | |
| Plaintiff, ) | No. 20 C 1781 |
| v. ) | |
| ) | Judge Virginia M. Kendall |
| RED ROOF INN-PLUS, TASHA CLARK ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Yashua Sharrieff has filed an Amended Complaint alleging that his former employer, Red Roof Inn-Plus, discriminated against him on the basis of race, national origin, and color. (Dkt. 25). Defendants Red Roof Inn-Plus and Tasha Clark have filed a Motion to Dismiss (Dkt. 36) alleging that the Amended Complaint fails to state a claim. Plaintiff did not reply to Defendants' Motion, but on the day the motion was scheduled to be fully-briefed, Plaintiff filed a Second Amended Complaint that does not contain any new allegations or facts. (Dkt. 41). Plaintiff also filed a Motion for Default Judgment (Dkt. 40), claiming the Defendants did not answer, which is denied. Because Plaintiff's Second Amended Complaint does not allege any additional facts or put forth any new claims, the Court will consider Defendants' Motion to Dismiss as to both Complaints. Defendants' Motion to Dismiss (Dkt. 36) is denied in part because Plaintiff has sufficiently stated a claim for discrimination under Title VII.

1

**BACKGROUND**

The following factual allegations are taken from Sharrieff's Complaint (Dkts. 25, 41) and are assumed true for the purposes of this motion.[1] *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016).

Plaintiff Yashua Sharrieff is an Illinois resident and Defendants are also Illinois residents. (Complaints at 1). Sharrieff was employed by Defendants in July 2018 and worked in maintenance. (*Id.*). The Defendants discriminated against Sharrieff on numerous occasions and the final act of discrimination was on August 28, 2019. (*Id.*). Sharrieff claims Defendants discriminated against him on the basis of color, national origin, and race. (*Id.* at 2).

In particular, Sharrieff alleges that on August 13, 2019, Sharrieff and a third-party named Jay Young had to discuss work-related matters about Young's poor work performance, which were brought to the attention of Tasha Clark. (*Id.*). Young is a white man. (*Id.* at 3). Sharrieff and Young got into an altercation in which Sharrieff accused Young of being racist since Young had brought his concerns about Sharrieff's work to Clark's attention. (*Id.* at 2). Sharrieff called Clark and informed her of the confrontation and she allegedly said, "Good, he should've gotten in your face," scolded Sharrieff for his involvement in the altercation, and stated, "You should have let me handle it." (*Id.*). Clark had Sharrieff then follow Young around to view Young's work habits, but she did not fire Young. (*Id.* at 2–3). Sharrieff claims that he had to do both his and Young's work without additional compensation. (*Id.* at 3). Young also made allegedly offensive statements to Sharrieff and other Black employees, including statements such as "It was really horrible that your ancestors had dogs turned on them, and water hoses sprayed on them, by evil Whites," even if the

---

[1] Plaintiff's Amended Complaint (Dkt. 25) and Second Amended Complaint (Dkt. 41) are the exact same. They allege the same facts, in an identical matter, in the same format. The Court collectively refers to them as the Complaints.

conversation had nothing to do with the mistreatment of Black people in the United States in the 1960s. (*Id.*). Sharrieff claimed that he was uncomfortable, however, no efforts were made to prohibit Young's comments and Clark allowed the abuse to continue. (*Id.*). Sharrieff also alleges that Young took property from the hotel, but when Sharrieff asked other employees what would happen if he took hotel property off the premises, the other employees said Sharrieff would be terminated. Sharrieff asked the other employees if they thought this was because he is Black and "everyone shamefully shook their heads." (*Id.*).

Sharrieff has also brought claims for emotional distress, harassment, unfair treatment, and wrongful termination. Sharrieff claims that when Clark instructed Sharrieff to "take the higher road," she minimized his complaints and caused him emotional distress. (*Id.* at 4). Sharrieff also claims that Young was paid more per hour and received preferential treatment because Young was white. (*Id.*). Sharrieff claims he was subject to harassment when he was called into Clark's office after Young reported that Sharrieff was not performing aspects of his job. (*Id.*). Sharrieff claims Young destroyed logs showing that he was performing his work, that he had to take photos showing that he was performing his job, and that, despite this, Clark still did not reprimand or even talk to Young. (*Id.*). Clark's advice to Sharrieff was that "You can't worry about what someone else is doing," and "Sometimes we all have to swallow our pride and take the higher road." (*Id.*). Sharrieff alleges unfair treatment because he and Young were supposed to be on call at all times for emergency situations, yet Young never made himself available, which required Sharrieff to always be available in an emergency, despite Sharrieff living further away. (*Id.*). Sharrieff claims despite this, he was held to a "lower standard" than Young and that he was threatened with termination for not performing the menial tasks that Young was excluded from doing. (*Id* at 4-5).

3

Sharrieff claims that he was wrongfully terminated and retaliated against by Clark. (*Id.* at 5). Sharrieff was fired shortly after his car was damaged by a hit-and-run driver, an incident that was used by Clark to terminate Sharrieff. (*Id.*). Sharrieff alleges his termination was in retaliation because he had complained about harassment and discrimination. (*Id.*).

On December 1, 2019, Sharrieff filed a Charge of Discrimination against Defendant Red Roof Inn-Plus with the U.S. Equal Employment Opportunity Commission alleging discrimination based on his race and national origin, and further alleging retaliation by Red Roof Inn. (Complaints ¶¶ 7, 8). Sharrieff claims that he received his Notice of Right to Sue from the EEOC on or about January 2, 2019, (*Id.*), however, Sharrieff did not attach the Notice to any of his Complaints. Instead, Sharrieff has attached his Notice of Right to Sue letter from the EEOC to a later filing on July 14, 2020 (Dkt. 29-1), which indicates the letter was sent to Sharrieff on July 9, 2020. On March 13, 2020, Sharrieff filed his initial Complaint of Employment Discrimination with this Court. (Dkt. 1).

## **LEGAL STANDARD**

A motion to dismiss for failure to state a claim under Rule 12(b)(6) challenges the sufficiency of the complaint. *Berger v. National Collegiate Athletic Association*, 843 F.3d 285, 289–90 (7th Cir. 2016). When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must construe the complaint "in a light most favorable to the nonmoving party, accept well-pleaded facts as true, and draw all inferences in the non-moving party's favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A party need not

4

plead "detailed factual allegations," but "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twonbly,* 550 U.S. 544, 555 (2007). A complaint must contain sufficient factual matter that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

## DISCUSSION

This Court previously instructed Sharrieff that, should he wish to bring separate claims for emotional distress, harassment, unfair treatment, and wrongful termination apart from his race-based discrimination claims under Title VII of the Civil Rights Act of 1964, he must amend his Complaint to clarify the grounds. (Dkt. 12 at 2). Instead, Sharrieff has repeatedly filed the same allegations as those described in his first Complaint. (Dkt. 1). The Court will therefore only consider these claims as separate counts under his Title VII claim where applicable.[2]

The Court views Sharrieff's *pro se* pleadings liberally. *See Taylor v. JPMorgan Chase Bank, N.A.*, 958 F.3d 556, 562 (7th Cir. 2020); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (a "document filed *pro se* is to be liberally construed, and a *pro s*e complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers"). However, Sharrieff must still follow the same procedural and evidentiary rules as any represented litigant. *See Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced.")

---

[2] The Court notes that Defendants have moved to dismiss Sharrieff's claim on the ground that he did not attach his Notice of Right to Sue Letter to his Amended Complaint. In order to bring a Title VII claim in federal court, a plaintiff must present the claim in an EEOC charge and have obtained a right-to-sue letter. *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005) (stating that "[a] plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter"). However, Sharrieff later filed the letter on July 14, 2020. (Dkt. 29-1). A plaintiff must file his employment discrimination suit within 90-days of the receipt of the Notice of the Right to Sue letter from the EEOC. Therefore the Court will construe his Notice of Right to Sue as timely and states that Sharrieff has now exhausted his administrative remedies.

To state a claim under Title VII, a Plaintiff must only allege that "the employer instituted a (specific) adverse employment action against [him] on the basis of" his race. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007) (in emphasizing the simplicity required in pleading a racial discrimination claim, citing with approval an allegation that "I was turned down for a job because of my race" (quoting *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998))). However, "isolated comments are not probative of discrimination unless they are 'contemporaneous with the discharge or causally related to the discharge decision-making process.'" *Fleishman v. Cont'l Cas. Co.*, 698 F.3d 598, 605 (7th Cir. 2012) (internal citation omitted).

Adverse employment action is defined broadly in this circuit. *McDonnell v. Cisneros*, 84 F.3d 256, 258–59 (7th Cir. 1996). Some examples include "when an employee is fired, or suffers a reduction in benefits or pay, it is clear that an employee has been the victim of an adverse employment action. But an employment action does not have to be so easily quantified to be considered adverse for our purposes." *Smart v. Ball State Univ.*, 89 F.3d 437, 441 (7th Cir. 1996). An "adverse job action is not limited solely to loss or reduction of pay or monetary benefits. It can encompass other forms of adversity as well." *Collins v. State of Ill.*, 830 F.2d 692, 703 (7th Cir.1987). However, "[a] materially adverse employment action is something 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Nichols v. S. Ill. University-Edwardsville*, 510 F.3d 772, 780 (7th Cir. 2007). Otherwise, "minor and even trivial employment actions that an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit." *Id.* (citing *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir.2004)).

For the purposes of Title VII, the Seventh Circuit has articulated three general categories of actionable, materially adverse employment actions:

> (1) cases in which the employee's compensation, fringe benefits, or other financial terms of employment are diminished, including termination; (2) cases in which a nominally lateral transfer with no change in financial terms significantly reduces the employee's career prospects by preventing her from using her skills and experience, so that the skills are likely to atrophy and his career is likely to be stunted; and (3) cases in which the employee is not moved to a different job or the skill requirements of his present job altered, but the conditions in which he works are changed in a way that subjects him to a humiliating, degrading, unsafe, unhealthful, or otherwise significantly negative alteration in his workplace environment.

*Id.* (internal citation omitted).

Sharrieff has sufficiently pled a claim for discrimination under Title VII at this stage. He has pled that he suffered racial harassment and experienced a hostile workplace, but that his supervisor did not intervene to stop the harmful behavior. Such an allegation fits squarely into the third prong where a plaintiff is not moved to a different job, but his workplace condition has subjected him to a humiliating, degrading, and unsafe environment. Not only that, but Sharrieff has pled unfair treatment, such as when he was required to be on emergency duty along with Young but that only he was called in, despite living further away. Sharrieff has also pled that he was required to complete Young's tasks in addition to his tasks and feared termination for not completing all assignments. Despite this, Young allegedly destroyed logs showing Sharrieff was completing his work, but Sharrieff's supervisor never discussed this conduct Young. Sharrieff alleges this disparate treatment was on the basis of his race, national origin, and color. While an increase in job responsibilities is not an adverse action, when considering how his white coworker was not asked to partake in the emergency duty, despite living closer, and that Sharrieff had to complete not only his tasks, but those of Young, under threat of termination, a claim of humiliating workplace becomes plausible. *Han v. Whole Foods Market Group, Inc.*, 44 F. Supp. 3d 769, 789

(citing *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir.2004) (describing how an increase in job responsibilities without more is not an adverse action. Sharrieff alleges that he "was expected and coerced to go above and beyond, because he's a Black person, with little or no recognition." (Complaints at 3). Sharrieff's wrongful termination claim is an additional adverse action. Sharrieff alleges that he was fired after a car accident, but that the reason for his firing was pretextual after Sharrieff's repeated complaints to Clark about the workplace discrimination and harassment he suffered.

As for Sharrieff's retaliation claim, "at the pleading stage, a Title VII retaliation claim requires only that the plaintiff 'allege that she engaged in a statutorily protected activity and was subjected to adverse employment action as a result.'" *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (quoting *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013)). The protected activity must be specifically identified, however, in order for plaintiff's expression to be protected by section 2000e–3(a), "the challenged practice need not actually violate Title VII. Instead, it is sufficient if the plaintiff has a reasonable belief she is challenging conduct in violation of Title VII." *Luevano*, 722 F.3d at 1029. Sharrieff has engaged in a protected activity. Sharrieff has alleged that he complained to Clark about racially-charged incidents and work-related disputes with Young. While "filing an official complaint with an employer may constitute statutorily protected activity under Title VII, the complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class." *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006). Sharrieff alleges that he complained to his employer about the workplace harassment and discrimination on the basis of his

race, color, and national origin,[3] and that as a result of his complaints, Sharrieff had to take on additional work and was eventually fired.

While Sharrieff has pled sufficiently as to Defendant Red Roof Inn, Sharrieff cannot bring an individual claim against Clark. Sharrieff may not bring a claim against her because Title VII does not allow for individual liability. *Passananti v. Cook Cty.*, 689 F.3d 655, 662 n.4 (7th Cir. 2012) ("Title VII authorizes suit only against the employer. Individual people who are agents of the employer cannot be sued as employers under Title VII."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("[A] supervisor does not, in his individual capacity, fall within Title VII's definition of employer...."). Further, he has deviated from his EEOC Charge by including her in the Complaint when she was not a party to the Charge. *Ford v. Marion Cty Sheriff's Office*, 942 F.3d 839, 858 n.11 (7th Cir. 2019) ("We have long held that an employment-discrimination plaintiff can include in her court complaint allegations of discrimination that are 'like or reasonably related to' the allegations in her EEOC Charge, which typically means the new claims must describe the same conduct and implicate the same individuals as those in the charge."). Due to these defects, his Complaint against Clark is dismissed with prejudice. *See Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts ... have broad discretion to deny leave to amend ... where the amendment would be futile.").

Sharrieff has brought a Motion for Default Judgment alleging that Defendants have failed to answer. (Dkt. 40). Sharrieff is unrepresented so his confusion is understandable. A motion for

---

[3] Defendants wish to dismiss Plaintiff's color discrimination claim because it was not raised in his initial EEOC complaint. However, a Plaintiff's claims under Title VII must be based directly on, or "like or reasonably related" to, what she alleged in his EEOC charge. *See Chaidez v. Ford Motor Company*, 937 F.3d 998, 1008 (7th Cir. 2019). Additionally, a plaintiff cannot allege new theories of liability in a complaint and bypass the EEOC's initial jurisdiction. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992) ("An aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination.") However, Sharrieff's allegation of discrimination based on color arise out of the same set of facts as his race and national origin claims, and therefore the Court declines to dismiss them.

default is guided by Federal Rule of Civil Procedure 55, which states that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Here, Defendants have filed a responsive pleading under Rule 12(b)(6), which serves as its answer. Therefore, Sharrieff's Motion for Default Judgment is denied. Since the Complaint is proceeding past the Motion to Dismiss stage, the Court will appoint an attorney for Sharrieff to assist him in the representation of his case.

## CONCLUSION

Because Plaintiff has stated a discrimination claim under Title VII, Defendants' Motion to Dismiss [Dkt. 36] is denied in part. Plaintiff's claims as to Defendant Clark are dismissed with prejudice. Plaintiff's motion for default judgment [Dkt. 40] is denied. Plaintiff will be appointed an attorney to assist him in the prosecution of his case.

_____
Virginia M. Kendall
United States District Judge

Date: October 22, 2020